**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALMONDNET, INC., DATONICS, LLC, and INTENT IQ, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> YAHOO! INC. <br><br> Defendant. | Civil Action No. 16-cv-1557 <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs AlmondNet, Inc. ("AlmondNet"), Datonics, LLC ("Datonics"), and Intent IQ, LLC ("IIQ"), collectively, "Plaintiffs," for their Complaint for patent infringement against Defendant Yahoo! Inc. ("Yahoo"), including Yahoo's division, BrightRoll, hereby demand a jury trial and allege as follows:

## NATURE OF THE ACTION

1.  This is a civil action for infringement by Yahoo of certain patents owned by Plaintiffs, arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and more particularly 35 U.S.C. § 271.

## PARTIES

2.  Plaintiff AlmondNet is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 37-18 Northern Boulevard, Suite 404, Long Island City, New York 11101.

3.  Plaintiff Datonics is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business at 37-18 Northern Boulevard, Suite 404, Long Island City, New York 11101.

1

4. Plaintiff IIQ is a limited liability company organized and existing under the laws of the state of Delaware, having its principal place of business at 37-18 Northern Boulevard, Suite 404, Long Island City, New York 11101.

5. Datonics and IIQ are majority-owned subsidiaries of AlmondNet. Plaintiffs sometimes also refer to Datonics and IIQ as members of "the AlmondNet family of companies."

6. Defendant Yahoo is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 701 First Avenue, Sunnyvale, CA 94089.

7. BrightRoll is, upon information and belief, a division of Yahoo. Plaintiffs are suing Yahoo for acts performed by both Yahoo directly and its Brightroll division.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9. Personal jurisdiction over Yahoo is proper under N.Y. Civ. Pract. L.R. § 302 and the United States Constitution because Yahoo conducts a substantial, systematic, and continuous business of offering to sell and selling services in this judicial district, in New York State and elsewhere throughout the United States; because this action arises from the Yahoo's commission of patent infringement at least by transacting business in this judicial district by, among other things, offering Yahoo services to customers, business affiliates, and partners located in this jurisdiction and committing at least some complained-of illegal acts within this jurisdiction; and because Yahoo knowingly caused harm to Plaintiffs in this district.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**FACTUAL BACKGROUND**

11. Founded in 1998, AlmondNet specializes in media and Internet advertising software and solutions. AlmondNet developed an extensive suite of targeted-advertising products, which helped revolutionize display and search advertising and increase the efficiency of the Internet-advertising market. AlmondNet owns a significant portfolio of patents relevant to advertisement targeting, including in such areas as profile-based bidding, behavioral targeting, addressable advertising, and multi-platform advertising. AlmondNet is currently focused on R&D and the licensing of its patents, while its subsidiaries (Datonics and IIQ) continue to offer services, generally in the fields of data aggregation, data distribution, and cross-device targeting.

12. Datonics is a leading aggregator and distributor of highly granular search, purchase-intent, and life-stage data. Based on AlmondNet patented technology, Datonics offers data users (including ad networks, ad exchanges, demand side platforms, and publishers) pre-packaged or customized keyword-based "data segments" that can facilitate the delivery of advertisements to consumers wherever they go online, with the ads being focused on subjects relevant to the individual consumer yet delivered in a privacy-sensitive way.

13. IIQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. IIQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers

3

on all of their screens. IIQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen. IIQ also contracts with other data-user firms to allow those firms' platforms to include cross-device functionality.

14. Yahoo is a world-wide provider of various Internet-based products and services, including online advertising services. Yahoo offers advertising services including search, content, and behavioral advertising on Yahoo-owned and -operated properties, across the web and across devices including personal computers and mobile devices.

15. Yahoo facilitates its advertising services to advertisers through various ad solutions (see, e.g., https://advertising.yahoo.com/Solutions/index.htm). Yahoo's services allow delivery of advertisements in a variety of formats based on user profile information – originating from search, mail, digital content consumption, Smart TV, mobile app usage, registrations, offline purchases, and more – for delivery on both Yahoo and non-Yahoo properties, across consumers' desktops, tablets, and smartphones.

16. Yahoo facilitates advertising services using different platforms including ad exchanges and online ad management platforms. In or about January 2014, Yahoo announced a service called Yahoo Ad Exchange (YAX) and a targeting product called Yahoo Audience Ads. YAX allows "audience sharing," enabling ad space buyers on the exchange to target audiences from multiple data providers to deliver targeted ads on Yahoo or non-Yahoo websites. Yahoo Audience Ads allows targeting ads both on properties in the Yahoo content network and off-network.

17. In November 2014, Yahoo acquired Brightroll for $640 million. BrightRoll is a world-wide provider of online-advertising services. Brightroll offers video advertising platforms called BrightRoll Exchange, available at http://www.brightroll.com/exchange and BrightRoll Demand Side Platform, available at http://www.brightroll.com/demand-side-platform. Through those platforms, Brightroll delivers, manages, and measures the performance of digital video ad campaigns across web, mobile, and connected TV. BrightRoll allows advertisers to purchase targeted ads, which are shown to website visitors who fit the advertisers' interest criteria, including on non-Yahoo websites. In March 2015, Yahoo announced that Brightroll would begin using Yahoo audience data, *i.e.*, information about visitors to Yahoo-owned or Yahoo-operated websites, in its ad targeting. In September 2015 Yahoo announced that it had consolidated all of its programmatic ad technology under a single umbrella – the BrightRoll brand.

18. Via the above-listed platforms, products, and services, at least, Yahoo has sold or facilitated the sale of targeted ads to advertisers, so that when users visit a website on which Yahoo has the capabilities to show those users ads, ads relevant to each user's specific interest are shown on behalf of those advertisers.

19. By marketing, selling, offering to sell, providing, instructing, supplying, operating, licensing, or supporting the above-listed services, platforms, products, or activities, Yahoo infringes patent claims of ten patents in five different families of patents, all of which were invented by AlmondNet's CEO, Roy Shkedi. The patents are detailed in the following paragraphs, and a true and correct copy of each patent is attached (see exhibits listed below). The following paragraphs also specify how Yahoo's

above-listed services, platforms, products, and activities infringe each patent and which claims of the patents are believed infringed. The descriptions below are not intended as exclusive; discovery may reveal additional infringement types, instances, or methods.

20. AlmondNet owns and has the right to enforce two "Off-site Targeted Advertising" (OTA) patents, both having an effective filing date of November 28, 2000:

   a. U.S. Patent 8,244,586, entitled "Computerized Systems for Added-Revenue Off-Site Targeted Internet Advertising," issued on August 14, 2012 (Exhibit A), as corrected by a certificate of correction dated November 25, 2014 (Exhibit A-1), independent claim 1 and its dependent claims 2-4, and independent claim 11 and its dependent claims 12, 13, 16, 17, and 20-22.

   b. U.S. Patent 7,822,639, entitled "Added-revenue off-site targeted internet advertising," issued on October 26, 2010 (Exhibit B), as corrected by a certificate of correction dated December 28, 2010 (Exhibit B-1), independent claim 1 and its dependent claims 2-8, 10, and 13-16, and independent claim 24 and its dependent claims 27-29, 31, 32, 36, 37, 39, and 41-47.

21. Yahoo (including Brightroll) infringes the above-listed claims of the OTA patents by automatically tagging (*e.g.*, using cookies or web beacons) end-user computers (which may be laptops, tablets, smart phones, or desktops) that visit one or more Yahoo-owned or -operated properties (including websites) and using audience extension or other techniques to check for the tag on computers visiting non Yahoo property sites, and when found, causing (i) the display of an advertisement on the non-Yahoo property (which ad is displayed along with other content of that website, via direction to browsers, including in some instances directions to fetch ads from a third party) and (ii) the division of

6

compensation for the advertisement's display between Yahoo and the owner of the other website or property, facilitated with Yahoo's Real Time Bidding technology. Such ads relate to offerings of third-party advertisers that have agreed to pay for their advertisements to be delivered to visitors of interest to them based on their behavior on Yahoo-owned or -operated properties while visiting other sites, and Yahoo charging mechanisms include CPM billing, fixed-fee-per-ad, and per-impression billing. Such ads are targeted to such visitors based on profile information connected to the tag (including information about what users searched for) and need not relate to the content of the non-Yahoo property. As explained above, Brightroll uses Yahoo audience data, *i.e.*, information about visitors to Yahoo-owned or Yahoo-operated websites, in its ad targeting. In some instances, Brightroll causes ads to be displayed on the non-Yahoo site using web television. As explained above, Yahoo Audience Ads allows targeting ads off-network. Yahoo and Brightroll use computer systems to implement the above methods, without opt-in, and in at least some instances charge the advertisers. In certain instances, some ads are shown on the Yahoo property while other ads are shown off-site. In at least certain instances, tagging is done on certain parts of the Yahoo property or in response to certain visitor actions on a Yahoo site. Also, in certain situations, Yahoo and Brightroll have performed such techniques to facilitate tagging of computers of visitors on select non-Yahoo sites, to allow delivery of ads on Yahoo-owned and -operated sites to those visitor computers, when Yahoo determines that they have such tags indicating a visit to the non-Yahoo site.

22. AlmondNet owns and has the right to enforce two "Media Property Selection" (MPS) patents, both having an effective filing date of June 14, 2007, and foreign priority dates of July 16 and 19, 2006:

a. U.S. Patent 8,959,146, entitled "Media properties selection method and system based on expected profit from profile-based ad delivery," issued on February 17, 2015 (Exhibit C), independent claim 1 and its dependent claims 2, 4, 9, 15, and 16, independent claim 17 and its dependent claim 18, and independent claim 21 and its dependent claim 22.

b. U.S. Patent 8,671,139, entitled "Media properties selection method and system based on expected profit from profile-based ad delivery," issued on March 11, 2014 (Exhibit D), as corrected by a certificate of correction dated July 29, 2014 (Exhibit D-1), independent claim 1 and its dependent claims 2, 4, 7, 9, 12, and 13.

23. Yahoo, through the Brightroll demand side platform (DSP), infringes the above-listed claims of the MPS patents by automatically sending a bid, thus authorizing an entity (such as an ad exchange or SSP) controlling ad space on a non-Yahoo property (which property is typically a website on which the ad space is controlled only temporarily, but which also may be other than an Internet site) to cause display of a targeted or retargeted advertisement when an end-user computer (*e.g.*, laptop, tablet, smart phones, or desktop) appears on the non-Yahoo property after having appeared on a first site. The Brightroll DSP performs this technique for its advertiser clients as to first sites that are (i) the advertiser's own websites, where the advertiser desires to retarget ads to its website visitors on other websites, (ii) Yahoo-owned or -operated websites, or non-Yahoo websites, that contributed attribute data (directly or via a data aggregator such as

8

BlueKai) that Brightroll use to do ad targeting for the advertiser, and (iii) sites of publishers desiring to implement audience extension to deliver advertiser ads on properties other than the publisher's properties. Brightroll causes such display of an advertisement based on profile attributes, which may reflect what a user did on the first site, one example of which is a search requested by the user, or demographic information disclosed by the user on the first site. In many instances, the attributes are categorized into "segments," and on information and belief, Brightroll includes such segments in look-up data structures that associate each segment with properties on which ads might be targeted to such segment. The price that the advertiser hiring Brightroll is willing to pay, and in turn the price that the Brightroll DSP bids, depends on which profile attributes match the specific end user. The Brightroll DSP thereby instructs the ad exchange or SSP to display the ad only if it can do so for less than the bid price. The auction practices of ad-space-controlling entities used by Brightroll ensure that the price paid for display of such an ad will be less than the revenue from an advertiser. Yahoo uses computer servers and computer systems to implement the above methods.

24. AlmondNet owns and has the right to enforce four "Descriptive Profile Consolidation" (DPC) patents, all having an effective filing date of June 14, 2000, and a foreign priority date of December 13, 1999:

   a. U.S. Patent 8,775,249, entitled "Method, computer system, and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on July 8, 2014 (Exhibit E), independent claim 1 and its dependent claims 2-6, 9, and 10, independent claim

11 and its dependent claims 12-16, 19, and 20, and independent claim 21 and its dependent claims 22-25.

b. U.S. Patent 8,494,904, entitled "Method and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on July 23, 2013 (Exhibit F), independent claim 1 and its dependent claims 2-6, 9, and 10, independent claim 11 and its dependent claims 12-16, 19, and 20, and independent claim 21 and its dependent claims 22-26, 29, and 30.

c. U.S. Patent 8,244,582, entitled "Method and stored program for accumulating descriptive profile data along with source information for use in targeting third-party advertisements," issued on August 14, 2012 (Exhibit G), independent claim 1 and its dependent claims 2-6, 9, and 10.

d. U.S. Patent 7,979,307, entitled, "Method and Stored Program for Accumulating Descriptive Profile Data Along with Source Information for Use in Targeting Third-Party Advertisements," issued on July 12, 2011 (Exhibit H), independent claim 1 and its dependent claims 2, 3, and 6-8.

25. Yahoo (including Brightroll) infringes the above-listed claims of the DPC patents by receiving profile information concerning computer users as a result of the computers of those users being URL-redirected from certain third-party web pages to Yahoo or to data aggregators who in turn provide the profile information to Yahoo (whether by a further redirect to Yahoo or server-to-server transfer of data that relies on previous redirection to perform a technical process known as cookie syncing or cookie matching), and consolidating the received profile information with existing profile

information, which Yahoo calls its "massive set of audience data," for the purpose of eventually serving ads on or off Yahoo's network of owned and operated sites. Yahoo does the consolidation based on cookies or web beacons placed on user computers, in at least some instances in response to URL redirection of such user computers. Yahoo maintains a record of which profile supplier supplied which profile attribute, which information is typically received with the attribute information, and Yahoo uses such records to compensate profile suppliers who supplied the profile data used in targeting Internet ads or who supplied new items of profile information. As explained above, such user profile information originates from search, mail, digital content consumption, Smart TV, registrations, and more. Yahoo uses computer systems, controlled by storages containing software commands, to implement the above methods.

26. Datonics owns and has the right to enforce a "Providing Profiles" (PP) patent, U.S. Patent 8,244,574, entitled "Method, computer system, and stored program for causing delivery of electronic advertisements based on provided profiles," issued on August 14, 2012, and having an effective filing date of June 19, 2006 (Exhibit I), as corrected by a certificate of correction dated October 30, 2012 (Exhibit I-1), independent claim 1 and its dependent claims 2, 3, 6, and 8, independent claim 11 and its dependent claims 12, 13, 15, and 16, and independent claim 18 and its dependent claims 19, 20, 22, and 23.

27. Yahoo (including Brightroll) infringes the above-listed claims of the PP patent by tagging user computers following receipt of profiles from over 40 third-party "data providers," one of which is called BlueKai. In some instances, Yahoo receives the profile as a result of URL redirection of user computers to the data providers, who in turn

provide the profile information to Yahoo (whether by a further redirect to Yahoo or server-to-server transfer of data that relies on previous redirection to perform a technical process known as cookie syncing or cookie matching). Those data providers control servers that are programmed to select Yahoo to receive profiles (as opposed to a multitude of other ad-space controllers), when user computers match a profile or profile types requested by Yahoo, also known as "audience data," "interest categories," "interest segments," or "interest data." Later, Yahoo checks for the tag on computers visiting Yahoo-owned and -operated sites or non-Yahoo properties (where Yahoo has a contractual right to serve ads), and when Yahoo finds the tag, it causes the computer browser to display a targeted (profile-dependent) electronic advertisement. In at least some instances, Yahoo reports the ad delivery to its data providers, as well as identifying the profile information used to deliver the ad and identifying payments due to the data provider. Yahoo uses computer systems, controlled by storages containing software commands, to implement the above methods.

28. IIQ owns and has the right to enforce a "Cross-Device Association" (CDA) patent, U.S. Patent 8,677,398, entitled "Systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014, and having an effective filing date of April 17, 2007 (Exhibit J), independent claim 13 and its dependent claims 14-17 and 19-26.

29. Yahoo (including Brightroll) infringes the above-listed claims of the CDA patent by causing targeted advertisements to be delivered cross-device, *i.e.*, by delivering a selected ad on one user device (which may be a laptop computer, a tablet, a smart

12

phone, a wearable device, a desktop computer, or even an Internet-connected television set-top box) based on profile data derived from user activity with a different device, in instances where the two devices are associated by probabilistic mapping data, *i.e.*, noticing connections to the same LAN, as evidenced by the complete or partial IP address of the device (at least sometimes associated with the date and time of the IP address usage), which avoids identifying the user via personally identifiable information (PII). As in the case for smart phones or laptops, either device may be only intermittently connected to a user's (or another) LAN. The association information is either stored in a tag on the user device or, upon information and belief, in a Yahoo database. Yahoo uses probabilistic data to deliver ads cross-device either by use of its own device-association algorithms or by obtaining device-association data from probabilistic ID vendors such as Tapad or Drawbridge, among others.

30. On information and belief, Yahoo had actual knowledge of each of the above-listed patents. AlmondNet had discussions with Yahoo in at least 2006, 2013, and 2015 about matters related to AlmondNet patent activities. In 2013, AlmondNet specifically advised Yahoo of a large number of patents that had issued by that time, including the patents attached as Exhibits A, B, G, H, and I and pending applications that became others of the patents listed above. AlmondNet also advised Yahoo in 2013 of AlmondNet's belief that those patents applied to activity of Yahoo in the above-described fields.

31. Accordingly, Yahoo's infringement of the above-listed patents was, and continues to be, willful and deliberate.

32. Plaintiffs have been damaged by Yahoo's infringement of the above-listed patents and will suffer irreparable injury unless the infringement is enjoined by this court. Plaintiffs Datonics and IIQ are operating entities whose ongoing businesses are being harmed by Yahoo's infringement. As to the patents owned by AlmondNet, Datonics and IIQ have non-exclusive licenses under those patents. Among other harm, Datonics and IIQ could have significantly higher business in providing data, including to Yahoo itself, if Yahoo could use only data providers licensed under the above-listed patents. AlmondNet is a stockholder in each of Datonics and IIQ and will be harmed as well by virtue of expected loss of value of its ownership stake in those operating entities. On account of Yahoo's infringement of the patents-in-suit, the Plaintiffs' operation of operating businesses has become difficult.

## JURY DEMAND

33. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, each of the Plaintiffs hereby respectfully requests a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. A judgment that Yahoo has infringed, contributorily infringed, or actively induced others to infringe the ten patents-in-suit;

B. A judgment that Yahoo's infringement of the patents-in-suit is willful;

C. Orders preliminarily and permanently enjoining Yahoo, its officers, directors, servants, managers, employees, agents, successors, and assignees, and all persons in concert or participation with them, from infringing, contributorily infringing, or actively inducing others to infringe the patents-in-suit.

D. An award, pursuant to 35 U.S.C. § 284, to each Plaintiff of all damages sufficient to compensate for Yahoo's infringement of the patents-in-suit owned by that Plaintiff, together with pre-judgment and post-judgment interest and costs;

E. An award of increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to Plaintiffs, by reason of Yahoo's willful infringement of the patents-in-suit.

F. An award of reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, as this is an exceptional case.

G. An award to Plaintiffs, or any of them, of such other and further relief as this Court deems just and proper.

Dated: March 30, 2016

Respectfully submitted,
SUSMAN GODFREY L.L.P.

/s/ *William C. Carmody*
William C. Carmody, Esq.
New York State Bar No. 4539276
560 Lexington Avenue, 15th Floor
New York, New York 10022-6828
(212) 336-8330

Of Counsel:

Ian B. Crosby, Esq.
(pending *pro hac vice* admission)
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
(206) 516-3880

LOUIS J. HOFFMAN, P.C.
Louis J. Hoffman, Esq.
(pending *pro hac vice* admission)
14301 North 87th Street, Suite 312
Scottsdale, Arizona 85260
(480) 948-3295

Attorneys for Plaintiffs