*Individual Practices of*

# MAGISTRATE JUDGE STEVEN M. GOLD

*United States District Court*
*Eastern District of New York*
*225 Cadman Plaza East*
*Chambers 1217, Courtroom 13-D Brooklyn,*
*New York 11201*
*Telephone: (718) 613-2560*
*Fax: (718) 613-2565*

Unless otherwise ordered by Magistrate Judge Gold in a specific case, matters before Magistrate Judge Gold shall be conducted in accordance with the following practices:

### 1. COMMUNICATIONS WITH CHAMBERS

**A. Letters**

**Except for parties proceeding *pro se***, all communications with chambers shall be filed via ECF. Hard copies of electronic filings or correspondence between counsel are not to be mailed, faxed or hand-delivered to chambers unless prior authorization is obtained from chambers.

**B. Telephone Calls and Case-Related Inquiries**

Counsel are encouraged to review the docket sheet before calling chambers for information about deadlines or to confirm conference dates. Counsel may call (718) 613-2610 if assistance with accessing or reviewing the docket sheet is needed.

Chambers should be contacted if, on the day of the conference, the parties are unable to appear because of an unanticipated emergency and counsel wish to inform the Court that an electronic application is forthcoming. Counsel may contact Jacqueline Richardson at (718) 613-2560 between 9:00 a.m. - 5:00 p.m. **Adjournment requests are not to be made telephonically except in emergencies.**

**C. Faxes**

Faxes to chambers are permitted only in extraordinary circumstances where an electronic filing of the document is not possible AND permission from chambers is previously obtained. Unless the Court has authorized an *ex parte* submission, documents sent by fax to chambers must be simultaneously faxed to all counsel. No document longer than **five** (**5**) pages may be faxed. **DO NOT FOLLOW WITH HARD COPY**.

**D. Requests for Adjournments or Extensions of Time**

All requests for adjournments of conferences or extensions of time must be electronically filed, as motions, no later than forty-eight (48) hours in advance of the conference date (or 3:00 p.m. the previous Thursday if the conference is scheduled for the following Monday, or 3:00 p.m. the

previous Friday if the conference is scheduled for the following Tuesday), after seeking consent of all parties **(merely copying the adversary on the request is insufficient)**, and shall state the following:

1) the original date of the conference and/or deadline;
2) the number of previous requests for adjournment or extension, and whether these previous requests were granted or denied;
3) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent;
4) the reason for the adjournment request; and
5) a *suggested* adjournment date.

If the requested adjournment or extension affects any other scheduled dates, counsel shall submit a proposed revised scheduling order.

## 2. MOTIONS

### A. Pre-Motion Conferences in Civil Cases

For discovery motions, follow Local Civil Rules 37.3 and 6.4.  For motions pursuant to Federal Rules of Civil Procedure 12, 15 or 56, in all cases where the parties are represented by counsel and in other than habeas corpus/prisoner petitions and Social Security and Bankruptcy appeals, a pre-motion conference with the Court is required.  To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three (3) pages in length setting forth the basis for the anticipated motion.  All parties so served must serve and file a letter response, not to exceed three (3) pages, within seven (7) days from service of the notification letter.  Service of the letter by the moving party within the time requirements of Rule 12 of the Federal Rules of Civil Procedure shall constitute timely service of a motion made pursuant to Rule 12(b).

As indicated above, the Court requires a pre-motion conference only when a party intends to move to dismiss pursuant to Rule 12, to amend pursuant to Rule 15 or for summary judgment pursuant to Rule 56.  In no event is a promotion conference application required when a party is seeking to file a motion for which a specific time period for filing is specified by a statute or federal rule and seeking a pre-motion conference could result in the forfeiture of substantive rights, including the right to appeal.  A party invoking this exception should so advise the Court and provide a brief explanation of the reasons for invoking it.  This exception may be applicable, in appropriate circumstances, to certain motions filed under, among other rules, Rules 50, 52(b), 54(d), 59 or 60 of the Federal Rules of Civil Procedure; Rules 29 or 33 of the Federal Rules of Criminal Procedure; or Rules 4(a)(5) or 4(b)(4) of the Federal Rules of Appellate Procedure.

### B. Courtesy Copies

Courtesy copies are NOT required and should not be submitted to chambers unless specifically requested by the Court in a particular case.

### C. Memoranda of Law

Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to twenty-five (25) pages, and reply memoranda are limited to ten (10) pages. Memoranda of ten (10) pages or more shall contain a table of contents.

### D. Filing of Motion Papers

For all motions pending before or referred prior to briefing to Magistrate Judge Gold, motion papers shall be filed via ECF by each party when they are served.

### E. Oral Argument on Motions

Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.


## 3. PRETRIAL PROCEDURES

### A. Joint Pretrial Orders in Civil Cases

Unless otherwise ordered by the Court, within sixty (60) days from the date for the completion of discovery in a civil case, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

i.   The full caption of the action;

ii.  The names, addresses (including firm names) and telephone and fax numbers of trial counsel;

iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

iv.  A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried;

v.   A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

vi.  A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented);

vii.   Any stipulations or agreed statements of fact or law which have been agreed to by all parties;

viii.  A list of the names and addresses of all witnesses, including possible witnesses who will be called only for impeachment or rebuttal purposes and so designated, together with a brief narrative statement of the expected testimony of each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown;

ix.    A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party; and

x.     A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on any ground.

## B. Filings Prior to Trial in Civil Cases

Unless otherwise ordered by the Court, each party shall file, fifteen (15) days before the date of commencement of trial if such a date has been fixed, or thirty (30) days after the filing of the final pretrial order if no trial date has been fixed:

i.     On the Thursday before trial in jury cases, requests to charge and proposed voir dire questions. Requests to charge should be limited to the elements of the claims, the damages sought and defenses. General instructions will be prepared by the Court;

ii.    By claim, a detailed statement regarding damages and other relief sought;

iii.   In non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

iv.    In all cases, motions addressing any evidentiary or other issues that should be resolved *in limine*; and

v.     In any case where such party believes it would be useful, a pretrial memorandum.

U:\smg\chambers rules.docx